Ikpe v. Holder

BIA
Straus, IJ
A076 111 365

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand fourteen.

PRESENT:

  ROBERT A. KATZMANN,
   *Chief Judge,*
  DENNY CHIN,
  RAYMOND J. LOHIER, JR.,
   *Circuit Judges.*

_____

UBONG NYONG IKPE,
  *Petitioner,*

   v.         12–3310
              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:  Ronald D. Richey, Rockville, MD.

FOR RESPONDENT:  Stuart F. Delery, Assistant Attorney General; William C. Peachey, Assistant Director; Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ubong Nyong Ikpe, a native and citizen of Nigeria, seeks review of a July 10, 2012 order of the BIA, affirming the September 20, 2010 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ubong Nyong Ikpe*, No. A076 111 365 (B.I.A. July 10, 2012), *aff'g* No. A076 111 365 (Immig. Ct. Hartford, CT, Sept. 20, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For applications such as Ikpe's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8

2

U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The adverse credibility determination was properly based on the inconsistency between Ikpe's application and testimony about whether his mother was threatened before her attempted murder in December 2008. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Ikpe's application provided that his mother began receiving threatening phone calls branding her a traitor for leaving the Alliance for Democracy Party in 2004 and that Ikpe personally received some of these calls in the United States. Ikpe's application also stated that his mother received calls threatening the lives of her and her children if she persisted in advancing the cause of women and children in Nigeria, prior to her attempted murder, and that Ikpe personally received one such call in the United States on December 12, 2008. However, Ikpe testified that neither he nor his mother had received any threats before her attempted murder on December 14, 2008. Although Ikpe challenges the materiality of this inconsistency, the agency properly determined that it went to the heart of his claim because the threatening phone

3

calls were the *only* link between Ikpe and his mother's political activities and murder in Nigeria.  The adverse credibility determination was therefore properly based on this discrepancy.  *Xian Tuan Ye v. DHS*, 446 F.3d 289, 295 (2d Cir. 2006); *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111-12 (2d Cir. 2005).

Having reasonably called Ikpe's credibility into question, the agency did not err in finding his credibility further undermined by an absence of corroborating evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(ii).  We have recognized that an applicant's failure to corroborate his testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration makes an applicant unable to rehabilitate testimony that has already been called into question.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).  Here, the agency reasonably determined that Ikpe's failure to provide any evidence corroborating the threats he received prevented him from rehabilitating his credibility.  The agency also reasonably observed that Ikpe did not provide any statements from his siblings in Nigeria, whom he testified were in hiding after receiving similar threats.

Based on the foregoing, we find that the credibility determination is supported by substantial evidence because

4

it cannot be said "that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The agency therefore did not err in denying asylum, withholding of removal, and CAT relief on credibility grounds because all claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005). Accordingly, we decline to consider the agency's pretermission of asylum and alternative denial of asylum and withholding of removal on nexus grounds. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk